1  CHARLES D. MAY, ESQ.; STATE BAR NO.: 129663
2  GENE B. SHARAGA, ESQ.; STATE BAR NO.: 131661

3  **THARPE & HOWELL, LLP**
   **15250 Ventura Blvd., Ninth Floor**
   **Sherman Oaks, California  91403**
4  **(818) 205-9955; (818) 205-9944 fax**
   E-Mail:  cmay@tharpe-howell.com
5  E-Mail:  gsharaga@tharpe-howell.com

6  Attorneys for Defendants,
      LOWE'S HIW, INC.

7

FILED
CLERK, U.S. DISTRICT COURT

AUG 22 2013

CENTRAL DISTRICT OF CALIFORNIA
BY_____ DEPUTY

8              UNITED STATES DISTRICT COURT

9       CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

10  RENEE WEIGEL AND            CASE NO.: CV12-07858BRO (PJWx)
    ROGER WEIGEL,
11
                    Plaintiffs,   **STIPULATED PROTECTIVE ORDER**
12
    vs.                          **Discovery Matter**
13
                                 *This order does not authorize*
14  LOWE'S HIW, INC., and        *the parties to file documents*
    DOES 1 through 100, inclusive, *under seal. They must seek permission*
15                               *to do so pursuant to L.R. 79-5.*
                    Defendants.
16                                                        *PJW*
17      Plaintiffs, RENEE WEIGEL and ROGER WEIGEL ("Plaintiffs"), and

18  Defendant, LOWE HIW, INC. ("Defendant"), jointly submit this Stipulated

19  Protective Order pursuant to Federal Rules of Civil Procedure, Rule 26(c)(1) limiting

20  the use and disposition of certain information and documents during litigation of this

21  matter.  The parties agree that discovery in this action may yield documents and

22  information of a sensitive and confidential nature, including but not limited to,

23  Defendant's proprietary policies and procedures, personnel files of present and

24  former employees, and other confidential information that may be subject to

25  discovery in the proceedings in this matter but which should not be made available to

26  the public generally.  As a result, the parties have agreed to this jointly submitted

27  Stipulated Protective Order and request that it be adopted by order of this Court.

28  ///

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

- 1 -
**STIPULATED PROTECTIVE ORDER**
Renee Weigel, et al. v. Lowe's HIW, Inc.
Case No.: CV12-07858BRO (PJWx)

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

### Good Cause Statement

Federal Rules of Civil Procedure, Rule 26(c)(1), states in pertinent part, that the Court, upon a showing of good cause may "issue an order to protect a party from annoyance, embarrassment, oppression, or undue burden or expense." Fed.R.Civ.P. 26(c)(1). In the instant matter, Defendant's Confidential Documents contain proprietary and confidential trade secret information relating to defendant's business practices and its safety protocol. Defendant derives independent economic value from maintaining the confidentiality of the policies and procedures set forth in these Confidential Documents.

Defendant is a retailer in the home improvement industry and has conducted business in California since 1998. The home improvement retail industry is very competitive. As a result of years of investing time and money in research and investigation, defendant developed the policies contained in the Confidential Documents for the purposes of maintaining the security and accessibility of its merchandise, providing quality customer service, and ensuring the safety of its employees and customers. These policies and procedures, as memorialized in the Confidential Documents, were created and generated by Lowe's for Lowe's, and are used for the purposes of maintaining safety at its stores and creating efficient and organized work environments for its employees. As a result, defendant is able to minimize the waste of any resources, which is a key factor in generating profitability for its business.

Defendant derives economic value from maintaining the secrecy of its Confidential Documents. If disclosed to the public, the trade secret information contained in defendant's Confidential Documents would reveal defendant's internal operations and could potentially be used by competitors as a means to compete for its customers, interfere with its business plans and thereby gain unfair business advantages. If defendant's safety protocol were revealed to the general public, it would hinder defendant's ability to effectively resolve and minimize liability claims,

- 2 -

1  and its goal of protecting its customers and employees from theft and other crimes.

2  Unrestricted or unprotected disclosure of such information would result in prejudice

3  or harm to Defendant by revealing Lowe's competitive confidential information,

4  which has been developed at the expense of Lowe's and which represents valuable

5  tangible and intangible assets. Accordingly, the parties respectfully submit that there

6  is good cause for the entry of this Protective Order.

7  **Purpose and Limitation**

8  As mentioned above, disclosure and discovery activity in this action are likely

9  to involve production of confidential, proprietary, or private information for which

10  special protection from public disclosure and from use for any purpose other than

11  prosecuting this litigation may be warranted. Accordingly, the parties hereby

12  stipulate to and petition the court to enter the following Stipulated Protective Order.

13  The disclosure of any of the foregoing categories of information and/or

14  documentation protected by this Order, including confidential business and financial

15  information identified above, will have the effect of causing harm to the competitive

16  and financial position of the person, firm, partnership, corporation, or to the

17  organization from which the information was obtained. Unprotected disclosure of

18  any of the above identified confidential information may further expose Defendant to

19  unwarranted annoyance, embarrassment, and/or oppression.

20  The parties acknowledge that this Protective Order does not confer blanket

21  protections on all disclosures or responses to discovery and that the protection it

22  affords from public disclosure and use extends only to the limited information that is

23  entitled to confidential treatment under the applicable legal principles. The parties

24  further acknowledge that this Protective Order does not entitle them to file

25  confidential information under seal. Civil Local Rules 140, 141 and 141.1 set forth

26  the procedures that must be followed and the standards that will be applied when a

27  party seeks permission from the court to file material under seal.

28

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

- 3 -
**STIPULATED PROTECTIVE ORDER**
Renee Weigel, et al. v. Lowe's HIW, Inc.
Case No.: CV12-07858BRO (PJWx)

1       The parties having agreed to the following terms governing the treatment of

2  confidential information, and the Court having found that good cause exists for

3  issuance of an appropriately-tailored confidentiality order governing the pre-trial

4  phase of this action, it is HEREBY ORDERED as follows:

5      1.    All documents produced or information disclosed and any other

6  documents or records designated as "CONFIDENTIAL" by the Defendant shall be

7  revealed only to a settlement officer, Plaintiff, counsel of record in this case,

8  paralegals and secretarial employees under counsel's direct supervision, and such

9  persons as are employed by counsel to act as experts in this action.  The information

10  designated as "CONFIDENTIAL" and disclosed only in accord with the terms of

11  this paragraph may include, without limitation, documents and information

12  containing Defendant's policies and procedures, as well as personnel records,

13  including disciplinary records, identity, information relating to the processes,

14  operations, type of work, or apparatus, or the production, sales, shipments, transfers,

15  identification of customers, inventories, amount or source of income, profits, losses,

16  expenditures, or any research, development, or any other commercial information

17  supplied by the Defendant in response to Plaintiff's Interrogatories or Requests for

18  Production.  ~~Information and documentation considered "CONFIDENTIAL" are~~

19  ~~subject to protection under Civil Local Rule 79-5 of the U.S. District Court – Central~~

20  ~~District of California, Rule 26 of the Federal Rules of Civil Procedure, and under~~

21  ~~other provisions of Federal law.~~

22      2.    Counsel for Plaintiff shall use all documents and information produced

23  or disclosed by the Defendant solely for the purposes of preparation for and trial of

24  this action.  Under no circumstances shall information or materials covered by this

25  Protective Order be disclosed to anyone other than Plaintiff's counsel of record in

26  this action, paralegals, secretarial employees under counsel's direct supervision, and

27  such persons employed to act as experts in this action.  At the conclusion of the

28  proceedings in this action, all documents and information subject to this Order,

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

- 4 -

including any copies or extracts or summaries thereof, or documents containing information taken therefrom, shall be returned to counsel for the Defendant, at defense counsel's written request.

3.  Prior to disclosure of any documents designated as "confidential" to paralegals or secretarial employees of counsel or Plaintiff, counsel for Plaintiff shall require such employees to read this Protective Order and agree to be bound by its terms.

4.  If counsel for Plaintiff determines that for purposes of this action, documents or information produced by the Defendant and designated as "confidential" must be revealed to a person employed to act as an expert in this action, then counsel may reveal the designated documents or information to such person, after first complying with the following:

(a)  Counsel for the Plaintiff shall have the expert read this Order and shall explain the contents thereof to such expert.

(b)  Counsel for the Plaintiff shall require such expert to sign a copy of this protective order that states: "I have read and understood the terms of this protective order. I further agree to be bound by its terms." Nothing in this paragraph shall be deemed to enlarge the right of Defendant to conduct discovery of any of Plaintiff's experts, except solely with respect to the ability of such expert to protect confidential information and documents from re-disclosure.

5.  In accordance with Local Rule 79-5.1, if any papers to be filed with the Court contain information and/or documents that have been designated as "Confidential," the proposed filing shall be accompanied by an application to file the papers or the portion thereof containing the designated information or documents (if such portion is segregable) under seal; and the application shall be directed to the judge to whom the papers are directed. For motions, the parties shall publicly file a redacted version of the motion and supporting papers.

STIPULATED PROTECTIVE ORDER

Renee Weigel, et al. v. Lowe's HIW, Inc.
Case No.: CV12-07858BRO (PJWx)

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

1    6.    This Order is subject to revocation and modification by Order of the
2    Court upon written stipulation of the parties, or upon motion and reasonable notice,
3    including opportunity for hearing and presentation of evidence.

4    7.    Any motion challenging a designation will need to be made in strict
5    compliance with Local Rules 37-1 and 37-2 (including the Joint Stipulation
6    requirement).

7    8.    Nothing contained in this Order is intended or should be construed as
8    authorizing a party in this action to disobey a lawful subpoena issued in another
9    action.

10   ///
11   ///
12   ///
13   ///
14   ///
15   ///
16   ///
17   ///
18   ///
19   ///
20   ///
21   ///
22   ///
23   ///
24   ///
25   ///
26   ///
27   ///
28   ///

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

- 6 -
**STIPULATED PROTECTIVE ORDER**
Renee Weigel, et al. v. Lowe's HIW, Inc.
Case No.: CV12-07858BRO (PJWx)

Based on the foregoing, Plaintiffs and Defendant hereby request that this Court issue a protective order governing the treatment of confidential information in this matter.

**IT IS SO STIPULATED.**

Dated: August ___19___, 2013                    THARPE & HOWELL, LLP

                                                By: _____
                                                    CHARLES D. MAY
                                                    GENE B. SHARAGA
                                                    Attorneys for Defendant,
                                                    LOWE'S HIW, INC.

Dated: August ___13___, 2013                    COHEN & BURGE, LLP

                                                By: _____
                                                    DARREN G. BURGE
                                                    Attorneys for Plaintiffs,
                                                    RENEE WEIGEL and
                                                    ROGER WEIGEL

**[PROPOSED] ORDER**

The parties having stipulated to the foregoing and good cause appearing,

**IT IS SO ORDERED.**

Dated: 8/22/13                    _____
                                 **U.S. Magistrate Judge**

Note changes to order at P1. Parties are required to file motion under L.R. 79-1 to file docs. under seal.

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

-7-
STIPULATED PROTECTIVE ORDER
Renee Weigel, et al. v. Lowe's HIW, Inc.
Case No.: CV12-07858BRO (PJWx)